IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ESTEBAN DURAN
Plaintiff

v.                                          No.

WILLIAM EDGEMAN, Interim Warden Central New Mexico
Corrections Facility, and
CLASSIFICATION OFFICER DOE,
Defendants

### COMPLAINT FOR RECOVERY OF DAMAGES CAUSED BY THE DEPRIVATION OF CIVIL RIGHTS

Plaintiff brings this complaint for damages caused by the violation of his civil and

constitutional rights: Plaintiff files this complaint under the federal Civil Rights Act, and the

Constitution of the United States. In support of this Complaint, Plaintiff alleges the following:

### JURISDICTION AND VENUE

1. Jurisdiction over the subject matter of this action is conferred by 28 U.S.C. 1331 and 42

   U.S.C. §1983 and §1988. Venue is proper as the acts complained of occurred exclusively

   New Mexico.

### PARTIES

2. Plaintiff Esteban Duran is an individual and at all times relevant was a resident of the

   New Mexico Department of Corrections in Los Lunas, New Mexico at the Central New

   Mexico Corrections Facility ("the prison"). Plaintiff is currently a resident of Mesa,

   Arizona.

3. William Edgeman was the interim warden of the Central New Mexico Corrections

   Facility at all times relevant. By information and belief William Edgeman currently lives

   in Las Cruces, New Mexico. Defendant William Edgeman is sued in his individual and

1

official capacity. He was acting under color of law and within the scope of his employment at all times material.

4. Defendant Classification Officer Doe is the person employed by the Department of Corrections in the Records Department whose job was to calculate the release date from custody of the prison of the Plaintiff and is sued in his individual and official capacity. Classification Officer Doe's name is unknown at this time. Defendant Classification Officer Doe was acting under color of law and within the scope of his employment at all times material.

FACTUAL BACKGROUND

5. Plaintiff was serving a criminal sentence in the custody of the New Mexico Department of Corrections.

6. The Plaintiff was legally incarcerated by the Department of Corrections for the duration of his sentence.

7. Once the Plaintiff's sentence expired, the Department of Corrections no longer had any legal authority to seize the Plaintiff.

8. The Plaintiff's sentence expired on August 9, 2019 but the Plaintiff continued to be held in the physical custody of the Department of Corrections, in the Central New Mexico Corrections Facility until October 18, 2019.

9. On or about October 3, 2019 the Plaintiff was brought before the parole board and that was when it was discovered, by the parole board, that the Plaintiff's sentence had already expired.

10. The parole board immediately granted the Plaintiff an unsatisfactory discharge from parole.

11. The Plaintiff was released on October 18, 2019.

12. The Plaintiff did not have the ability to leave the physical confines of the facility on his own.

13. By information and belief, Defendant Edgeman had the authority to release the Defendant from custody.

14. Defendant Edgeman continued to confine the Defendant in the prison on and after August 9, 2019 when there was no legal authority to do so, thereby depriving him of his liberty and right to be free from unreasonable seizure of his person.

15. By information and belief, Defendant Classification Officer Doe was the employee with the Department of Corrections whose job it was to determine on what date the Defendant was done serving his sentence of incarceration, determine when no further lawful authority to hold the defendant in custody of the prison existed, and make the administrative arrangements with the Department of Corrections for the release of the Defendant from prison on that date.

16. By information and belief Defendant Classification Officer Doe failed to properly calculate the Plaintiff's release date from prison and or failed to make administrative arrangements for his release from prison on the appropriate date.

<u>CLAIM</u>

17. Holding the Plaintiff in custody for the time period between August 9, 2019 and October 18, 2019 violated the protections against unreasonable seizure and deprivation of liberty without due process guaranteed by the United States Constitution Fourth Amendment and Fourteenth Amendment and 42 U.S.C. §1983.

<u>DAMAGES</u>

18. The Defendant suffered emotional injuries and loss of liberty during the time between August 9, 2019 and October 18, 2019 as a direct and proximate result of his being held in custody during that time.

JURY DEMAND

19. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays for judgment as follows:

A.  Compensatory damages in an as yet undetermined amount, jointly and severally against all defendants, including damages for emotional harm.

B.  Reasonable attorney costs and fees incurred in bringing this action.

C.  Such other relief as allowed by law and deemed proper.

Respectfully submitted
/s/ Sheri A. Raphaelson

Sheri A. Raphaelson
Attorney for Plaintiff
512 S. Riverside Dr., Suite B
Espanola, NM 87532
505-927-3185 F: 505-692-6042
bingolawyer@gmail.com